# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
GRANT R. ROSTAD, BAR NO. 5473.

No. 77463

FILED

JAN 25 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## ORDER OF SUSPENSION

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Grant R. Rostad be suspended from the practice of law for six months and one day for violating RPC 1.15 (safekeeping property) and RPC 8.1(b) (disciplinary matters). Because no briefs have been filed, this matter stands submitted for decision based on the record.

The charges in the complaint are deemed admitted because Rostad failed to answer the complaint and appear at the hearing.[1] SCR 105(2). The admitted facts establish that Rostad failed to safekeep client funds by commingling them with funds in his operating account, but that ultimately his clients received their funds. Additionally, after Rostad's trust account became dormant, the State Bar received notice of 22 overdrafts on the account in a two-month period. The signature on the

---

[1] The State Bar sent the disciplinary complaint, notice of intent to take a default, order appointing a hearing panel chair, and scheduling order to Rostad through certified and regular mail at his SCR 79 address. Many of these documents were also sent to an alternative address and Rostad's email. The State Bar attempted to call Rostad but his SCR 79 telephone number was disconnected. The State Bar also attempted to contact the attorney with whom Rostad shared an office, but received no response.

19- 03946Z

checks did not match Rostad's signature and many of the debits were paid to a bank for the benefit of a person without any identified connection to Rostad. Rostad failed to respond to the State Bar's requests for information concerning the overdrafts.

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). Although we "exercise independent judgment," the panel's recommendations are persuasive. *In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating and mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Rostad violated duties owed to his client (safekeeping property) and the legal profession (failing to respond to lawful requests for information by a disciplinary authority). Rostad should have known not to commingle a client's funds with his own funds, especially since he was previously disciplined for violating RPC 1.15 (safekeeping property). His client could have been injured by Rostad's mishandling of the funds and the integrity of the profession was injured because the profession depends on a self-regulating disciplinary system. The baseline sanction for Rostad's violations before considering aggravating and mitigating circumstances is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.12 (Am. Bar Assn. 2017) ("Suspension is generally appropriate when a lawyer knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client."). The record supports the panel's

finding of two aggravating circumstances (substantial experience in the practice of law and prior discipline) and no mitigating circumstances. Considering all the factors and particularly that Rostad appears to have abandoned the practice of law, we conclude that the recommended discipline is sufficient to serve the purpose of attorney discipline – to protect the public, the courts, and the legal profession, *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988), because it will necessitate a petition for reinstatement before Rostad again practice law in Nevada.

Accordingly, we hereby suspend attorney Grant R. Rostad from the practice of law in Nevada for a period of six months and one day commencing from the date of this order. Rostad shall pay the costs of the disciplinary proceeding, including $2,500 under SCR 120, within 30 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.      _____, J.
Pickering                                      Hardesty

_____, J.      _____, J.
Parraguirre                                   Stiglich

_____, J.      _____, J.
Cadish                                          Silver

SUPREME COURT
OF
NEVADA

(O) 1947A

cc:    Chair, Southern Nevada Disciplinary Panel
G. Randall Rostad
Bar Counsel, State Bar of Nevada
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court

SUPREME COURT
OF
NEVADA

(O) 1947A